JOHN LYLE *et al.*, Plaintiffs in Error, *v.* GEORGE A. MORSE, impleaded with James Hutchins, Defendant in Error.

ERROR TO HENRY.

If it is agreed that a surety is to be released, when a mortgage is executed, the execution of the mortgage is a preliminary act, and should be performed before a release can be set up. And a plea averring the release should show affirmatively, that the mortgage had been executed and tendered in conformity to the agreement.

THIS was an action of assumpsit, in the Henry Circuit Court, counting upon a promissory note, which note is as follows:

*Kewanee, Illinois, May* 31*st*, 1855.

For value received, I promise to pay to J. & T. Lyle, or bearer, six hundred dollars, one year from date.  (Signed)  JAMES HUTCHINS.
GEORGE A. MORSE.

The declaration is in the usual form, counting specially on said note, and containing the common counts.

Service was had on defendant Morse, only.

Morse pleaded, first, the general issue; and secondly, as follows:

2nd.  And for a further plea in this behalf the said defendant, George A. Morse, by leave of the court here for this purpose first had and obtained, etc., says *actio non*, because he says that the said promissory note mentioned, referred to and set forth in the said first and second counts of the plaintiffs' declaration, is one and the same, and not other and different notes, and was made, executed and signed by one James Hutchins, as principal, and was signed by him the said George A. Morse, as surety only for said James Hutchins, and not as principal, as by said note would seem and appear, and as in the said first and second counts of the plaintiffs' declaration is alleged, and solely and exclusively for the accommodation of said James Hutchins, and for no other use or purpose whatever, and that he, the said George A. Morse, then and there had received and derived no benefit whatever therefrom.  All of which the said John and Thomas Lyle then and there well knew.

And the said defendant, George A. Morse, further avers, that on the 14th day of June, A. D. 1856, and after said note became due, the said George A. Morse, being unwilling to remain surety and liable on said note longer, applied to said John and Thomas Lyle, and James Hutchins, and requested of them that he might be discharged and acquitted of and from said note, and his name erased therefrom, and he be fully discharged from all liabilities on account of said note.  And the said George A.

Morse further avers, that the said John and Thomas Lyle then and there, in consideration of the premises, and the request of the said George A. Morse, agreed by and with the said George A. Morse and the said James Hutchins, that they would fully discharge and acquit the said George A. Morse, for and from all liability on account of said note, in consideration that the said James Hutchins would then and there give them in his stead some other security for the payment of said note. And thereupon, the said George A. Morse avers that the said James Hutchins then and there, in consideration of the premises, did offer to make and execute to said John and Thomas Lyle, a mortgage on certain real estate, situate in the town of Kewanee, Henry county, Illinois, to wit, Lot No. 6, in Block 13, with the appurtenances, etc., thereunto belonging, in lieu of George A. Morse, for security on said note, and on condition that the said John and Thomas Lyle would then and there fully acquit and discharge the said George A. Morse from all liability on said note; and the said John and Thomas Lyle then and there, in consideration of the premises, accepted said security, to wit, said mortgage on real estate, in lieu of the said George A. Morse, and then and there, in consideration of the premises, and that the said James Hutchins would, at any time when thereunto requested by the said John and Thomas Lyle, make and execute and deliver said mortgage for the purpose aforesaid to the said John and Thomas Lyle, then and there agreed with the said James Hutchins, and the said George A. Morse, to discharge and acquit said George A. Morse of and from all liability on account of said note. And the said George A. Morse further avers, that the said James Hutchins, in accordance with said agreement, then and there offered to John and Thomas Lyle, to make, execute and deliver to them said mortgage, but the said John and Thomas Lyle then and there waived the making and executing of said mortgage at that time, on the ground and for the reason (and no other) that they had not then time to attend to the same, but they, the said John and Thomas Lyle, then and there, in consideration of the premises, fully acquitted and discharged the said George A. Morse of and from all liability on account of said note. And the said George A. Morse further avers, that the said James Hutchins, from and after that time was always ready, willing and able to make, execute and deliver said mortgage to said plaintiffs for the purposes aforesaid, and often offered to the plaintiffs so to do, but that the said plaintiffs, on their own account, and for their own convenience and accommodation, and without any fault or negligence on the part of the said James Hutchins, or the said defendant, postponed the execution of said mortgage for want of time to attend to it

from time to time until the commencement of this suit, and this the said defendant is ready to verify. Wherefore, he prays judgment, if the said plaintiffs ought further to maintain their aforesaid action thereof against him, etc.

To which plea the plaintiffs replied, that the promissory note in the first and second counts of plaintiffs' said declaration mentioned, was not signed by said defendant as surety, etc.

And for a further replication, as to said second plea, said plaintiffs say *precludi non*, because they say that the said supposed agreement of said plaintiffs, to discharge said defendant from liability on said note, as in said plea mentioned, was wholly and entirely without consideration in this, to wit: that such agreement of said plaintiffs, (if any such was made,) was made upon the parol promise and agreement of said James Hutchins, in said plea named, that he, the said Hutchins, would secure said promissory note, in plaintiffs' said declaration mentioned, by a certain indenture of mortgage to be executed by the said Hutchins, thereby consigning to the plaintiffs, certain real estate, conditioned for the payment of said note to said plaintiffs; and which said agreement of said Hutchins was never executed or performed by him. And said plaintiffs aver that said agreement of said Hutchins, so being a parol agreement to convey real estate, was and is wholly void in law, and furnishes no valid consideration for the said supposed agreement of said plaintiffs, and this they are ready to verify. Wherefore, etc.

To the second replication of said plaintiffs, the defendant interposed a demurrer, and specially assigned the following causes:

1. The said replication is a replication in confession and avoidance, but does not confess.

2. The allegation and subject matter of said replication are not warranted by law.

The court sustained the demurrer to said replication, and the plaintiffs excepted.

The jury returned a verdict for defendant; whereupon plaintiffs moved for a new trial, and in arrest of judgment. DRURY, Judge, presided.

BEARDSLEY, SMITH & HENDERSON, for Plaintiffs in Error.

HOWE & KNOX, for Defendant in Error.

WALKER, J. The assignment of errors questions the judgment of the court below, in not carrying the demurrer to plaintiffs' replication, back to defendant's second plea. We think that this plea only shows an agreement to release the surety,

when the mortgage should be executed by the principal in the note. It is true that the plea avers that plaintiffs released Morse, but it is stated more as a conclusion from the facts stated in the plea, than as an agreement of the parties. This was evidently the meaning of the pleader, as he follows that averment with another, that Hutchins had, at all times since then, been ready, willing and able to make, and had repeatedly offered to make the mortgage, but plaintiffs had postponed its execution. If the agreement of the parties, at the time it was entered into, was for the immediate, unconditional discharge of Morse, there was no necessity to aver an excuse for the non-execution of the mortgage. From this it is manifest that the pleader did not put the construction upon the agreement, that Morse was discharged at the time, but that he would not be until the mortgage should be executed, and this is what the agreement set up in the plea shows.

If Morse was discharged by that agreement, no subsequent acts of the parties, without his assent, could again revive his liability. Then, if his liability was only to cease when the mortgage should be executed and the contract performed, the plaintiffs had agreed to take no steps in the matter, nor to do any act, until the mortgage was executed. They did not agree to have it prepared for execution, nor does the law impose it upon them as a duty. It was the business of the parties agreeing to give it, to have it prepared, executed and tendered, in compliance with the agreement, before Morse could be discharged. If Hutchins failed to do so, the duty devolved upon Morse to have it done. He alone was to be benefited by the consummation of the agreement, and if others have failed to protect his interest, by not doing what he should have had done, he has no grounds of complaint, or for throwing the loss upon them.

The same objection that exists to the plea, applies to the second and third of defendant's instructions. The second directs the jury that if about the time the note fell due, defendant Morse informed plaintiffs that he was unwilling longer to remain security, and that they agreed to release him and take other security from Hutchins, and he agreed to give it, that Morse was discharged, and they should find for him. The third instruction seems to assume that plaintiffs had released Morse, whether the other security was given or not, and the jury must have so understood it. The question then being tried was whether the plaintiffs, by the agreement then made, intended to release him, and the court erred in assuming that such was the fact, or that the proof of the facts supposed in the second instruction, necessarily proved that fact. That such was their

intention, was by no means an uncontroverted fact. There is no evidence in the record which in terms shows it. The plaintiff, John Lyle, in his conversation, which was proved, did not so state, but one of the witnesses thinks he asserted that Morse was not to be released until the other security should be given. The court erred in assuming that there was such an agreement, as that was a fact for the jury to determine from the evidence.

There was no evidence upon which to base the seventh and eighth of defendant's instructions. The evidence fails to show that there was any agreement to extend the time for the payment of the note, either with or without Morse's assent. And when the eighth asserted, that the law and the courts were anxious to protect the security against any material change in the relations of Hutchins and the plaintiffs, it may have been understood by the jury, that they should take into consideration the delay in bringing suit, until the relation of a solvent debtor had changed to that of an insolvent one, and that Morse should therefore be discharged. The mere fact that plaintiffs delayed bringing suit until the principal in the note became insolvent, could not, of itself, release the surety; yet the jury must have understood this instruction as asserting that it would have that effect, as we perceive no evidence in the record that showed any other change in the relations of the plaintiffs and the principal in the note. This instruction was calculated to mislead the jury, and should not have been given.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*